IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
REMANDED BY THE SUPREME COURT ON MARCH 5, 2001

## DAVID LEE HUNDLEY v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Weakley County**
**No. 1717     William B. Acree, Jr., Judge**

---

**No. W2001-00500-CCA-RM-PC  - Filed May 3, 2001**

---

In this case, the petitioner, David Lee Hundley, filed a petition for post-conviction relief.  The trial court dismissed the petition on the basis that it was barred by the applicable statute of limitations. Our Court reversed and remanded for a determination by the trial court as to whether there was sufficient evidence of Petitioner's prior mental health problems to warrant a tolling of the statute of limitations.  David Lee Hundley v. State, No. 02C01-9810-CC-00313, 1999 WL 668723, Weakley County (Tenn. Crim. App., Jackson, August 26, 1999).  The supreme court granted the State's application for permission to appeal pursuant to Tenn. R. App. P. 11 and remanded the case to this Court for reconsideration in light of State v. Nix, ___ S.W.3d ___, No. E1999-02715-SC-R11-PC, slip op. (Tenn. Feb. 20, 2001).  Upon remand, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which GARY R. WADE, P.J. and JOE G. RILEY, J., joined.

David Lee Hundley, pro se, Nashville, Tennessee.

Paul G. Summers, Attorney General and Reporter; J. Ross Dyer, Assistant Attorney General; Thomas A. Thomas, District Attorney General; and James T. Cannon, Assistant District Attorney General, for the appellant, State of Tennessee.

### OPINION

A detailed recitation of the facts in this case is found in this Court's prior opinion in the matter of David Lee Hundley v. State.  We will therefore only provide a summary of the facts pertinent to this opinion.

Petitioner plead guilty to two counts of second degree murder in November 1992.  He received two twenty-five (25) year sentences, to be served consecutively.  On August 22, 1995, he filed a timely petition for post-conviction relief.  However, on December 11, 1995, he filed a motion to dismiss the petition, which was granted by the trial court in an order dated January 5, 1996.

On May 30, 1997, Petitioner filed the petition for post-conviction relief at issue in this case. Pertinent to the issue regarding the standard of mental incompetence, which a petitioner must satisfy before due process requires a tolling of the applicable statute of limitation, the petition made the following claim regarding Petitioner's mental condition during and after the period in which he had agreed to the dismissal of his timely-filed petition:

> Inquiries revealed that petitioner, during this time period and for quite some time after, was clearly psychotic and unable to present anything in a logical orderly fashion, [and] further, that he was actively hallucinating, deluding, and was probably suicidal and as a result of his serious psychosis at the time, chose to withdraw his petition. This is the professional opinion of Doctor Lawrence J. Weitz, Ph.D., Chief Psychologist at Lois DeBerry Special Needs Facility.

Even though the petition indicated that a letter from Dr. Weitz to an "inmate legal aid" was attached therein, the letter is not a part of the record on appeal. Prior to the issuance of this Court's opinion in this case in 1999, we entered an order requiring that the record for appeal be supplemented with all documents initially attached to the petition filed in May 1997.

There is documentation in the record, consisting of a letter from the director of forensic services of the Middle Tennessee Mental Health Institute, which reveals that, in April 1992, Petitioner was capable of adequately defending himself on the original murder charges and that he was also able to understand the charges pending against him, advise his counsel, and participate in his own defense. This conclusion was drawn by the Middle Tennessee Mental Health Institute after Petitioner had improved from initially being found incompetent to stand trial by the trial court in February 1992. The letter of April 1992 from the forensic science director of the Middle Tennessee Mental Health Institute also stated that the Defendant met the criteria for an insanity defense at the time the offense was committed.

Prior to Petitioner filing a motion to dismiss his initial petition for post-conviction relief, an order was entered by the trial court requiring that Petitioner be tested to "evaluate his competence to participate in his prosecution of the Petition filed herein." In this order, the trial court authorized the Lois DeBerry Special Need Unit of the Tennessee Department of Correction to provide any reports resulting from these tests to the trial court, the State, and Petitioner's attorney. The order further reflected that, prior to entering his guilty pleas to second degree murder, Petitioner was tested and appeared to have a functional intelligence quotient of "seventy (70) or below." The record does not contain the results of these tests, however.

In its per curiam order granting the State's application for permission to appeal pursuant to Tenn. R. App. P. 11 from this court's previous opinion in this case, the supreme court stated, "Upon consideration of the application for permission to appeal and the record before us, the application of the State of Tennessee is granted and remanded to the Court of Criminal Appeals for reconsideration in light of State v. Nix and Purkey."

2

The supreme court considered an issue of first impression in <u>State v. Nix</u>, namely, "what is the standard of mental incompetence that a petitioner must satisfy before due process requires tolling of the post-conviction statute of limitations." <u>Nix</u>, slip op. at 1. The supreme court specifically held that "due process requires tolling of the post-conviction statute of limitations *only* if a petitioner shows that he is unable either to manage his personal affairs or to understand his legal rights and liabilities." <u>Id.</u> at 4 (emphasis added).

The supreme court also *rejected* the argument that due process requires a tolling of the statute of limitations upon the "mere assertion of a psychological problem." <u>Id</u>. In support of this, the supreme court cited <u>Coe v. State</u>, 17 S.W.3d 193, 221 (Tenn. 2000), for its statement that "the existence of a mental disorder does not automatically translate into a finding of incompetency to be executed." <u>Nix</u>, slip op. at 4. In <u>Nix</u>, the supreme court further emphasized that "to make a prima facie showing of incompetence requiring tolling of the limitations period, a post-conviction petition must include specific factual allegations that demonstrate the petitioner's inability to manage his personal affairs or understand his legal rights and liabilities." <u>Id.</u> at 5.

The supreme court recognized that the required prima facie showing may be satisfied in several ways. Various documents including affidavits, depositions, medical reports, and/or other credible evidence containing specific factual allegations regarding the competence of the petitioner may be attached to the petition. <u>See</u> <u>id.</u> Documents originating from mental health professionals are not mandatory, however. The necessary evidence may also consist of affidavits or depositions from lay persons, including family members, prison officials, attorneys, or any other persons who may have knowledge of facts that demonstrate that petitioner is either unable to manage his own personal affairs or understand his legal rights and liabilities. <u>Id.</u> In the instant case, neither the petition nor other documents in the record demonstrate that Petitioner has been unable to manage his personal affairs or understand his legal rights and liabilities.

In sum, because the petition in this case and the documents available in the record do not meet the test of evidence necessary to avoid dismissal under the requirements set forth in <u>State v. Nix,</u> the petition is barred by the applicable statute of limitations. Accordingly, we conclude that the trial court properly dismissed the petition for post-conviction relief filed by the Petitioner in May 1997.

## CONCLUSION

For the foregoing reasons, the judgment of the trial court dismissing the petition for post-conviction relief is affirmed.

_____
THOMAS T. WOODALL, JUDGE

3